UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Alleta Powell, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 645 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| Safer Foundation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alleta Powell filed this action against Defendant Safer Foundation under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging age, race, and sex discrimination, and retaliation. Safer has moved *in limine* to preclude Powell from seeking damages at trial for her alleged constructive discharge, which she alleges was caused by a hostile work environment. Because Powell's EEOC charges did not raise any claim for constructive discharge, the motion is granted.

Powell's Amended Complaint sets forth eighteen counts. Counts I-III concern Safer's suspension of Powell without pay for a few days in April 2006, and allege that the suspension resulted from race and sex discrimination and retaliation. Counts IV-VI, Counts VII-IX, Counts X-XII, and Counts XIII-XV concern four other brief suspensions without pay between December 2006 and June 2007, and allege that those suspensions resulted from race, sex, and age discrimination and retaliation. Counts XVI-XVIII allege that Powell received unequal pay from March 2007 through the end of her employment in August 2007, again due to race, sex, and

1

age discrimination and retaliation. Attached to the Amended Complaint are four charges of discrimination that Powell filed with the EEOC and the Illinois Department of Human Rights on September 1, 2004, March 5, 2007, July 17, 2007, and July 30, 2007, and four corresponding right-to-sue letters issued by the EEOC in October 2008 and November 2008.

During preparation of the pretrial order, Powell sent Safer a portion of a draft pretrial memorandum. *See* Form LR16.1.3. Powell's draft made clear that she intended to seek damages not only for the wages lost due to her five suspensions (the focus of Counts I-XV) and her receipt of unequal pay in the months preceding her departure from Safer (the focus of Counts XVI-XVIII), but also for her alleged constructive discharge in August 2007, which she attributes to a hostile work environment.

Specifically, in the section summarizing her claim, Powell's draft stated:

> Alleta Powell is seeking damages and compensation for discriminatory and retaliatory suspensions *and constructive discharge* from Safer Foundation. … Over the course of her eight years at the facility, Powell was subjected to a number of discriminatory and retaliatory suspensions based on her age, her gender, her race, and her status as a filer with the Illinois Department of Human Rights. Between 2003 and 2007, when Yvonne Johnson held a lot of sway over the Crossroads Facility, Ms. Powell endured the bulk of her mistreatment and suspensions. *The hostile work environment created by Safer's actions left no choice for Powell but to resign her position in August 2007*.

Doc. 37-2 at 16 (emphasis added). Then, in the section itemizing her damages, Powell's draft listed: (i) $1845 in lost wages allegedly suffered during the five suspensions; (ii) $1644 in the salary differential allegedly suffered due to unequal pay during the months preceding the end of Powell's tenure at Safer; (iii) $90,817 in lost wages from August 15, 2007 through September 27, 2010, due to "Constructive Discharge & Loss of Job"; and (iv) $5649 in tax liabilities due to Powell's withdrawal from the Safer pension fund. *Id*. at 18-20. Because Powell listed no

2

damages for hostile work environment standing alone, her hostile work environment allegations are part and parcel of her constructive discharge allegation—*i.e.*, she alleges that the hostile work environment caused her to be constructively discharged in August 2007, and it is the constructive discharge, not the hostile work environment standing alone, for which she seeks damages.

Safer's motion *in limine* asks that Powell be barred from proceeding or claiming damages under a constructive discharge theory because she did not present a constructive discharge claim in any of her four EEOC charges. The governing law is familiar. An ADEA or Title VII plaintiff ordinarily may not bring in federal court claims not previously presented to the EEOC. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974); *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir. 2008); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). "This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employee some warning of the conduct about which the employee is aggrieved. … For allowing the complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (internal citations omitted).

Although the factual basis for a discrimination claim in federal court must previously have been presented in an EEOC charge, "because most EEOC charges are completed by laypersons rather than by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Ibid*. Instead,

3

the court asks whether the federal claims are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations" or, put another way, whether "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Ibid*. (internal quotations omitted). Simple allegations of discrimination in an EEOC charge are not a sufficient predicate for bringing any discrimination theory in federal court. *See id*. at 501 ("Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination. The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*.").

Powell's four EEOC charges describe a series of suspensions that she claims were based on her age, race, and sex and in retaliation for previous complaints of discrimination. One charge claims that Powell was paid less than similarly situated employees outside her protected classes. An amendment to the first charge alleges that between August 2005 and December 2005, Powell was sexually harassed by a male colleague who made inappropriate remarks, left pornographic material at an office workstation, and continually used her workstation to make her feel uncomfortable. The amendment states that this behavior "created a hostile work environment which is having a negative effect on my personal health," and asserts that Safer's "upper management was made aware of sexual harassment, but nothing was done to stop it." Doc. 61-1 at 7-8.

4

None of Powell's EEOC charges alleges that a hostile work environment existed after December 2005, let alone that a hostile work environment prompted her alleged constructive discharge in August 2007. Indeed, it would have been impossible for Powell's EEOC charges to have mentioned her departure from Safer or to have alleged a constructive discharge. The reason is that all four EEOC charges preceded Powell's resignation from Safer.

The substance and timing of Powell's EEOC charges bode poorly for her submission that the EEOC charges were broad enough to encompass a constructive discharge claim. In *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293 (7th Cir. 2004), the Seventh Circuit held that EEOC charges alleging "racial discrimination, retaliation, and harassment, [but] not constructive discharge," were an insufficient predicate for bringing a constructive discharge claim in federal court. *Id*. at 303 n.2; *see also Dixon v. Americall Grp., Inc.*, 390 F. Supp. 2d 788, 791 (C.D. Ill. 2005) ("when a plaintiff's EEOC charge alleges discrimination, but does not state that his decision to stop working is based on that discrimination, the charge does not support a constructive discharge claim"); *Roxas v. Presentation Coll.*, 90 F.3d 310, 318 n.5 (8th Cir. 1996). This was particularly so because the EEOC charges in *Herron* preceded the plaintiff's resignation; as the Seventh Circuit explained, the "delay between [the] EEOC complaint and [the plaintiff's] decision to leave was inconsistent with notice [in the EEOC charge] of constructive discharge." *Herron*, 388 F.3d at 303 n.2; *see also Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (holding that discriminatory non-promotion claim could not have been exhausted in the EEOC charge where the non-promotion occurred one month after the charge was filed); *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000)

(holding that discriminatory failure to rehire claim was not exhausted where the EEOC charge was filed prior to the plaintiff's applying for the position).

Powell's EEOC charges suffer from the same infirmities as those in *Herron* and the cases cited above, and thus warrant the same result. Perhaps Powell could have overcome these infirmities by showing that the EEOC, "through the course of its investigation, … included the [constructive discharge claim] in its reasonable cause determination and conciliation proceedings." *Dixon*, 390 F. Supp. 2d at 791. That question need not be reached because Powell does not even attempt to make that showing, let alone succeed in doing so.

For the foregoing reasons, Safer's motion *in limine* is granted. Powell's request in her opposition brief for leave to amend her complaint to include a constructive discharge claim is denied; because Powell failed to present that claim in her EEOC charges, any such amendment would be futile. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 928 n.3 (7th Cir. 1990).

November 1, 2010

_____
United States District Judge